**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

**CIVIL ACTION NO. 05-109-DLB**

**ROGER RATLIFF, ET AL.**                                                              **PLAINTIFFS**


**vs.**                            **MEMORANDUM OPINION & ORDER**


**FORD MOTOR COMPANY, ET AL.**                                          **DEFENDANTS**


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This matter is presently before the Court on Plaintiffs' Motion to Remand. (Doc. #4) Defendants having responded, and Plaintiffs having replied, the motion is now ripe for review.  For the reasons set forth below, the motion will be granted and this matter remanded to state court.

**BACKGROUND**

This personal injury action was filed by Plaintiff Roger Ratliff and his wife, Linda Ratliff, on October 11, 2004, in the Pike Circuit Court.  Their lawsuit seeks damages for injuries allegedly sustained in a single-car accident occurring on October 27, 2003.  At the time of the accident, Roger Ratliff was driving a 1994 Ford Ranger pickup truck manufactured by Defendant Ford Motor Company (Ford Motor) and purchased by Ratliff in September of 2003 from Defendant Neil Kelly, Jr.  Ratliff sold his 1996 Dodge Ram vehicle to Defendant Kelly in exchange for Kelly's 1994 Ranger and a payment of $6,300. In his state court complaint, Ratliff states that approximately one month after he purchased the Ranger he was involved in a single car accident during which the Ranger left the roadway and came to rest in a streambed.  Ratliff alleges that in the course of this accident,

the driver's side seat belt assembly failed to properly operate and protect him, causing him serious injuries.

Plaintiffs' complaint asserts that Ford Motor and Kelly are responsible for Roger Ratliff's injuries and their damages.[1]  Plaintiffs assert that Ford Motor is liable based on theories of breach of warranty, and negligent design and/or manufacture.  Plaintiffs also assert that Ford Motor and Kelly are strictly liable for the allegedly defective, unreasonably dangerous condition of the Ranger.  Finally, the complaint also maintains that Ford Motor and Kelly "unreasonably failed to warn of the known and foreseeable hazards of said Ford Ranger pickup truck." (Complaint ¶ 14)

On April 1, 2005, Ford Motor removed Plaintiffs' cause of action to this Court, asserting original subject matter jurisdiction based upon diversity of citizenship.  Plaintiffs contend that subject matter jurisdiction is lacking, necessitating remand.

## DISCUSSION

Defendant bears the burden of proving the requirements for diversity jurisdiction. *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 871 (6th Cir. 2000); *Gafford v. General Elec. Co.,* 997 F.2d 150, 155 (6th Cir. 1993).  In order for diversity jurisdiction to be established under 28 U.S.C. § 1332, there must be complete diversity between plaintiffs and defendants and a sufficient amount in controversy.

In support of removal, Ford Motor's memorandum states that responses to written discovery demonstrate "Ratliff seeks compensatory damages well in excess of $75,000." (Doc. #1, memorandum, p.2) However, Ford Motor did not attach this discovery, noting that

---

[1]Linda Ratliff's damage claim is for loss of consortium.

the local rules state discovery responses are not to be filed and that the responses also contain private medical information. Without at least an excerpt of these responses being made available to the Court, confirmation of the requisite amount in controversy is not possible. Nevertheless, in their Motion to Remand Plaintiffs do not contest satisfaction of the amount-in-controversy requirement.

A removing defendant must also establish that opposing parties are of diverse citizenship. Plaintiffs are citizens of the Commonwealth of Kentucky. Ford Motor is a Delaware corporation with its principal place of business in Michigan. The Complaint and Notice of Removal state simply that Defendant Kelly is a "resident" of Madison County, Kentucky. Neither does the Answer filed by Defendant Kelly in state court, attached to Ford Motor's memorandum in support of removal, identify Kelly's citizenship. Thus, Ford Motor has failed to properly establish that Kelly's citizenship is diverse from that of Plaintiffs. However, by its allegation of fraudulent joinder, Ford Motor essentially accepts for purposes of removal that Defendant Kelly is a citizen of Kentucky.

Ford Motor contends Defendant Kelly was fraudulently joined by Plaintiffs solely for the purpose of defeating diversity jurisdiction. As with the other diversity jurisdiction requirements, Ford Motor, as the removing party, bears the burden of establishing Plaintiffs' fraudulent joinder of Neil Kelly, Jr. was to defeat removal. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). "Claims of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence." *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 159 (E.D. Ky. 1996). "The burden of persuasion falls upon those claiming fraudulent joinder and any uncertainties must be resolved in favor of the plaintiff." *Id.* Unless it is clear that no recovery can be had under Kentucky law for

3

the cause alleged, there is no fraudulent joinder.  *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  In other words, the question is, "whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved."  *Id.*  Because the burden of proving fraudulent joinder rests with the removing party, any disputed questions of fact or ambiguities in controlling state law should be resolved in favor of the nonremoving party.  *Id.*

### Strict Liability Claim

Plaintiffs assert a claim against Kelly under a theory of strict liability.  The Kentucky Supreme Court, in *Dealers Transport Co. v. Battery Distributing Co.,* 402 S.W.2d 441 (Ky. 1965) adopted § 402A of the Restatement (Second) of Torts.  Nevertheless, and as correctly noted by Ford Motor, strict liability applies only to defendants engaged in the business of selling products to consumers.  *Id.*

In *Griffin Industries, Inc. v. Jones*, 975 S.W.2d 100 (Ky. 1998), the Kentucky Supreme Court provided an extensive interpretation of § 402A.  The case involved a plaintiff who was injured on the job by a piece of industrial machinery that his employer purchased second-hand from the defendant.  The court determined that, because the defendant was in the business of rendering animal waste, not selling industrial machinery, and had sold the used machine as part of an isolated transaction, the sale fell under an "occasional seller" exception to § 402A.  *Id.* at 103.  The court reasoned, "When a product is sold only on an occasion or incident to the business of the seller, the transaction does not come within the purview of the doctrine of strict liability."  *Id.*  In order to reach the conclusion that the Restatement intended to create an "occasional seller exception," the court looked to comment (f) to § 402A.  *Id.* at 102.  Comment (f) provides clarification about

4

who is considered to be "in the business of selling" within the meaning of § 402A.  Of particular relevance to this case, comment (f) states that strict liability does not apply "to the owner of an automobile who, on one occasion, sells it to his neighbor, or even sells it to a dealer in used cars, and this even though he is fully aware that the dealer plans to resell it."  Restatement (Second) of Torts § 402A cmt. f.  Indeed, one of the cases Plaintiffs rely upon in support of their negligent failure to warn claim (discussed immediately below) likewise notes that the "special liability" imposed by § 402A is limited to commercial manufacturers and distributors.  *Burke Enterprises, Inc. v. Mitchell,* 700 S.W.2d 789, 791 (Ky. 1985).

The sale of the 1994 Ford Ranger was a private sale between two individuals.  In his affidavit attached to Ford Motor's response, Defendant Kelly states he is employed as a forklift operator.  Defendant Kelly is not in the business of selling automobiles to consumers.  Plaintiffs have not challenged this factual representation.  Kentucky law does not recognize a cause of action grounded in strict products liability against a private individual not in the business of selling.  Since no colorable claim can be stated against Kelly under this legal theory, joining Kelly as a Defendant to assert this claim against him does not destroy diversity.

### *Failure to Warn Claim*

Plaintiffs also assert a claim against Kelly under a theory of negligent failure to warn. Plaintiffs' remand motion points to Kentucky case law as recognizing a valid cause of action against an individual for negligently failing to warn of some hazard with a product.  In *Post v. American Cleaning Equipment Corp.,* 437 S.W.2d 516 (Ky. 1969), plaintiff was injured after a commercial vacuum cleaner purchased by his employer exploded when he plugged

5

it into electricity of the wrong voltage.  However, Plaintiffs' reliance upon *Post* as recognizing a cause of action for negligent failure to warn against a noncommercial seller is misplaced.  *Post* involved a strict liability claim against a commercial manufacturer based upon inadequate warnings.  437 S.W.2d at 519.

Plaintiff also relies upon the case of *Burke Enterprises, Inc. v. Mitchell,* 700 S.W.2d 789 (Ky. 1985).  In *Burke* the plaintiff severed a portion of his finger while using a rented posthole digger.  Suit was filed against both the digger's manufacturer and the equipment rental company, and alleged the rental company had negligently failed to warn him of the hazards and dangers of the machine.  700 S.W.2d at 790.  After noting that Kentucky had not extended the strict liability imposed by § 402A of the Restatement (Second) of Torts to commercial rental companies, the court nevertheless found plaintiff's claim against the equipment rental company viable, because it "premised liability on old-fashioned, garden variety common law negligence."  *Id.* at 791.

> The questions here relate to the nature and condition of the product at the time the movant rented it to the respondent and to whether there was a need to explain or warn of the features of the product which would make it dangerous to one unfamiliar with its use.  As regards to these questions, the proof was sufficient to establish negligence.

*Id.* at 792.  This decision supports Plaintiffs' position in the sense of permitting a general negligence claim for failing to warn about a problem associated with a product, without such claim necessarily qualifying as a "product liability action."  However, *Burke Enterprises* is factually distinguishable in that such a claim was brought against a commercial rental company; it is not clear whether these negligent failure to warn principles are applied equally by Kentucky courts to a private, noncommercial seller of a product.

More helpful in this respect is the *Lloyd v. Lloyd* case cited by Plaintiffs. 479 S.W.2d 623 (Ky. 1972). In that case, plaintiff was seriously injured while using a riding lawnmower owned by his father and purchased from Sears, Roebuck & Co. In addition to suing Sears, plaintiff sued his father, claiming he had failed to inform him of the dangerousness of the machine and that it needed repair. *Lloyd,* 479 S.W.2d at 624-25. The court recognized such a claim as being premised upon the Restatement (Second) of Torts § 388.[2] *See also Howard v. Howard,* 607 S.W.2d 119 (Ky. Ct. App. 1980)(involving wife's suit against husband for negligent failure to repair or warn of defective vehicle door lock which resulted in her injuring her finger).

Although *Lloyd* involved the use and not the sale of chattel, its reasoning is still applicable. This is because the comments to the Restatement clarify that § 388's reference to "suppliers" applies to "sellers, lessors, donors, or lenders, irrespective of whether the chattel is made by them or by a third person." Restatement (Second) of Torts § 388 cmt. c.

Thus, under Kentucky law Plaintiffs may state a cause of action for negligent failure to warn against Defendant Kelly. That such a cause of action is legally recognized in Kentucky is implicitly acknowledged by the timing of Ford Motor's removal. Suit was filed

---

[2]This Restatement section reads as follows:

One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier

(a)  knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

(b)  has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

(c)  fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

on October 11, 2004.  Defendant's removal notice states the action is being removed within 30 days of the receipt of Defendant Kelly's Answer, the document from which Ford Motor states it was first able to ascertain the case was removable based upon fraudulent joinder. As noted above, the strict products liability claim against Kelly is not recognized under Kentucky law.  Had a claim against Kelly for negligent failure to warn also not been recognized under Kentucky law, it should have been ascertainable from the face of the complaint that the case was removable.  Instead, Ford Motor waited until Kelly answered, stating that he "had no knowledge of said automobile having defective seat belts or any other dangerous defects."  Ford Motor relies upon these *facts* offered by Kelly as negating any claim by Plaintiffs against Kelly for negligent failure to warn.

Removal petitions based upon fraudulent joinder typically attack the legal basis for the claims against the nondiverse defendant.  In this case, Ford Motor challenges the factual basis for the failure to warn claim.  Both sides have offered information outside the pleadings (Roger Ratliff's affidavit attached to the Motion to Remand and Neil Kelly, Jr.'s affidavit attached to Ford Motor's Response) in an effort to show the claim does or does not have a reasonable basis in fact.  Consideration of this circumstance is not straightforward, as it requires a limited piercing of the pleadings while keeping the jurisdictional review from becoming a summary judgment merits analysis.

Plaintiffs' Complaint alleges that Kelly failed to warn Ratliff of known and foreseeable hazards with the Ranger.  Given that negligent failure to warn is a viable cause of action under Kentucky law, and given that for purposes of this motion Plaintiffs' allegations are accepted as true, a colorable claim has been stated.  Nevertheless, Ford Motor points out that Kelly denies knowledge of any seat belt defect in his Answer.  However, this merely

8

evidences a dispute of fact, rather than establish the lack of a colorable claim.  Roger Ratliff's affidavit raises challenges to the completeness of Kelly's statements in his Answer and the truthfulness of his representations about the vehicle's condition.  Ford Motor then offers Kelly's affidavit in which he states he made no representations of the vehicle's condition, made no alterations to the vehicle, never had any trouble with the seat belts, and knew of no defects with the vehicle at the time of sale.  In reply, Plaintiffs argue they are not required to accept and be bound by Kelly's affidavit on its face, but rather are entitled to engage in discovery to challenge the accuracy and parameters of these representations through Kelly and other witnesses.

Disputed or ambiguous questions of fact in the controlling state law must be resolved in Plaintiffs' favor, *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999).  This is not a situation like the strict liability claim where Plaintiffs did not challenge Kelly's status as a noncommercial seller.  Plaintiffs have raised allegations supporting a failure to warn claim.  That Defendant challenges the truth of those allegations is not evidence of fraudulent joinder.  The truth or merits of that claim and the allegations in support of it properly should be left to the formal discovery process and the trier of fact.  This being the case, Ford Motor has failed to carry its burden of establishing that Kelly was fraudulently joined.  Therefore, Defendant Kelly is not of diverse citizenship from Plaintiffs and complete diversity is lacking.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. #4) is hereby **granted.**

9

**IT IS FURTHER ORDERED** that this action is therefore hereby **remanded in its entirety** to the Pike Circuit Court from which it was removed.

This 25th day of July, 2005.



Signed By:

*David L. Bunning*

United States District Judge

G:\DATA\ORDERS\Pike05\109-OrderRemanding.wpd

10